## ACTION FOR INJURIES BARRED BY A SETTLEMENT.

Court of Appeals for Hamilton County.

WILLIAM F. KLAGES v. FRANK G. KRONENBITTER AND
FRANK T. KRONENBITTER.

Decided, March 24, 1916.

*Third Person Injured by Collision of Two Motor Vehicles—Settlement
With the Owner of One of the Vehicles Bars an Action for Injuries
Against the Other.*

The agreement in issue in this case is more than a mere covenant not
to sue; it is a contract in settlement in full for the injuries re-
ceived for a specified sum of money which was paid, and bars an ac-
tion on account of the same injuries against a party other than the
one with whom the settlement was made.

*James M. Hengst,* for plaintiff in error.
*C. D. Saviers,* contra.

ALLREAD, J.

Klages, the plaintiff below, brought suit against the defend-
ants to recover for a personal injury alleged to have resulted
from the negligence of the defendants in so operating their
automobile as to collide with a motor truck of the Gambrinus
Brewing Company, causing the latter to strike and injure
plaintiff.

There is no averment in the petition that the Gambrinus
Brewing Company was negligent.

The first defense of the second amended answer of the defend-
ants is a general denial.

The second defense, so far as material, is as follows:

"On or about the 14th day of January, 1914, the plaintiff,
William F. Klages, entered into a contract of settlement with
the Gambrinus Brewing Company, the corporation mentioned
and described in plaintiff's petition, whereby, in consideration
of the sum of eight hundred dollars ($800), he, the said plaint-
iff, William F. Klages, on behalf of himself, his personal repre-
sentatives and assigns, did covenant and agree with said the

Gambrinus Brewing Company that he nor they would at any time thereafter institute, maintain, or prosecute any proceeding at law or equity against the said the Gambrinus Brewing Company, its successors or assigns, for the purpose of recovering money or of having any other remedy against the said the Gambrinus Brewing Company, its successors or assigns for or on account of said accident, which occurred on November 9th, 1913, as a result of a collision between the automobile of the Gambrinus Brewing Company and the automobile in which the defendant had an interest.

''Defendant says that said sum of eight hundred dollars was a full, complete and adequate compensation for all of the injuries received by said plaintiff as he well knew at the time he received the same, as well as a bar to any claim against the defendants.''

A demurrer was overruled to the second defense above referred to, and the plaintiff not desiring to plead thereto, final judgment was rendered in favor of the defendants.

The only question, therefore, is whether such second defense is sufficient to constitute a bar to the plaintiff's cause of action. We think the agreement between the plaintiff and the Gambrinus Brewing Company as alleged in the above defense constitutes more than a mere covenant not to sue. The distinct averment was made that it was a contract of settlement. The consideration for such contract of settlement and covenant not to sue was eight hundred dollars, which is alleged to be the full amount of plaintiff's injuries. Having, therefore, received from the Gambrinus Brewing Company the full amount of his injuries and having executed a contract of settlement with the Gambrinus Brewing Company, the plaintiff would have no further right of action against the defendants who are alleged to have negligently contributed to the injury.

The judgment of the court of common pleas is, therefore, affirmed.

FERNEDING, J., and KUNKLE, J., concur.